**SHAW JEWELRY CO. v. LEE et al.**

No. 5210.

Court of Civil Appeals of Texas. Texarkana.

March 17, 1938.

Clyde R. Davis, Fred S. Dudley, both of Fort Worth, for appellant.

Steve Miller, of Tyler, Grover C. Parker, of Longview, H. G. Corbin and R. M. Washburn, both of Gladewater, for appellees.

WILLIAMS, Justice.

C. A. Lee and Bill Selman, composing the partnership firm of Lee & Selman, appellees herein and defendants and cross-plaintiffs below, recovered judgment against Shaw Jewelry Company, a corporation, appellant herein and plaintiff and cross-defendant below. Appellant instituted suit including sequestration proceedings against appellee to recover title and possession of a stock of merchandise consisting of jewelry, silverware, and kindred articles. Appellees. reconvened for commissions on merchandise sold by them and for damages for breach of a written rental agreement. Appellant admitted in its pleadings it was due them $224.43 for commissions. Judgment was entered in favor of appellees for this amount, plus $448.86 damages for breach of the rental agreement.

This agreement dated September ———, 1935, executed in duplicate, was signed, "Shaw Jewelry Company by F. A. Davis," and "Lee & Selman by B. Selman." In its provisions, appellees agreed to furnish all utilities and janitor services, window, wall, and showcase display spaces, a safe for protection against fire and theft, the privilege to put advertising signs on front of store and window, and not to handle any. merchandise of similar nature during the life of the lease; and appellant agreed to pay a monthly rental of $60 for a period of twelve months. When this written agreement was entered into, these parties also entered into an oral agreement by which the appellees were to furnish a salesman and supervise the sale of appellant's merchandise in their drug store in Gladewater, for which appellees were to receive a certain commission on all sales made. Following these agreements a stock of such merchandise was shipped out of appellant's Fort Worth headquarters and placed in the space provided for in the drug store. The use of the space and premises and sale of this merchandise under the arrangement herein detailed had progressed for several months when a difference arose which resulted in the institution of this suit. During this period of time a commission of $224.43 was earned but not paid. However, a $60 rental check was promptly remitted

to appellees on each due date up to and including January.

This record discloses that appellant was engaged in the retail sale of jewelry and kindred lines, and placed stocks of same on display for sale at points in Texas; that said Davis was in charge of all sales of merchandise outside of Fort Worth and had the supervision of arrangements to secure display spaces; and handled and directed shipment of such merchandise. He was also the credit man and supervisor of collections for appellant. He had served in this capacity for a number of years. This lease was executed in the Fort Worth office and a copy kept in the safe of the company. He negotiated both agreements herein discussed; shipped this stock of merchandise to Gladewater; on his own volition abrogated the written agreement, employed attorneys, and instituted this suit. He approved the payment of the monthly rentals upon which the Dallas office of appellant issued and mailed the checks to appellees.

The cause was tried to the court. Assignments of error and propositions relate solely to the authority of Davis to execute and bind appellant on said written lease agreement. As to agency or the authority of said Davis to execute the lease contract, appellees pleaded in their cross-action: "* * * that on or about the 16th day of September, 1935, the said Shaw Jewelry Company, acting through and by its authorized agent, namely, F. A. Davis, entered into a contract in writing with said Lee and Selman Drug Company, whereby said cross-plaintiff leased to said cross-defendant certain floor space in its drug store located in Gladewater * * *; that under the terms * * * of said agreement, the said Shaw Jewelry Company agreed to, bound itself and became liable for the rental of said premises at the rate of. * * *"

The pleadings of appellant and the testimony offered by it in the trial are wholly void of any denial that said F. A. Davis was an agent for said corporation. Its only denial was that said Davis did not have authority to execute the written lease agreement. These pleadings were not verified. Under article 2010, § 8, of the Revised Statutes of 1925, an answer is required to be verified if it sets up a denial of the execution by defendant or by its authority of any instrument in writing upon which the petition is founded. And the effect of the provision of this article is that one alleging liability upon an instrument signed by an agent need not prove the agent's authority, unless the answer denying authority is verified. 2 Tex.Jur. p. 639, § 218, and authorities there cited; 10 Tex.Jur. pp. 996, 997.

The evidence herein detailed is ample to support the judgment of the trial court. In the condition of appellant's pleadings, appellees proceeded further than necessary to make their case.

Davis on the witness stand testified to many of the details hereinabove mentioned. He testified only to facts. The powers and duties of Davis had not been reduced to writing, and under such circumstances the testimony given by him on the witness stand was admissible. 2 Cor.Jur., p. 935, §§ 690, 691; 2 Tex.Jur., p. 538, § 137, and authorities there cited; 3 Cor.Jur. p. 287, and authorities there cited.

The judgment is affirmed.